Filed 8/16/22  P. v. Torres CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE GUADALUPE TORRES,<br><br>    Defendant and<br>    Appellant. | B316189<br><br>(Los Angeles County<br>Super. Ct. No. BA451140) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Amanda V. Lopez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jose Guadalupe Torres pleaded no contest in March 2018 to one count of voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] admitted the special allegation the offense had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and was sentenced to state prison for 16 years. In September 2021 Torres, representing himself, petitioned for resentencing pursuant to former section 1170.95 (now section 1172.6),[2] added to the Penal Code by Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437) as of January 1, 2019. The superior court summarily denied the petition, ruling, because he had been convicted of voluntary manslaughter, not murder, Torres was not eligible for resentencing relief. As Torres and the Attorney General agree, the superior court's order must be reversed, and the cause remanded for further proceedings in light of the amendments to former section 1170.95 made by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (Senate Bill 775), which, effective January 1, 2022, expanded the reach of Senate Bill 1437 to include convictions for attempted murder and voluntary manslaughter.

## FACTUAL AND PROCEDURAL BACKGROUND

Torres and Rudy Serrano were charged in an amended felony complaint, filed September 29, 2017, with the murder of

---

[1]    Statutory references are to this code.

[2]    Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

2

Pedro Aguilar (§ 187, subd. (a)), with special allegations that during the offense a principal had personally and intentionally discharged a firearm causing Aguilar's death (§ 12022.53, subds. (d) & (e)(1)) and the offense had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Torres was also charged with two counts of carrying an unregistered, loaded handgun (§ 25850, subd. (a)), with the special allegation both offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).

According to interviews of Torres, Serrano and several witnesses detailed in a pre-plea probation report (described here for context only), Serrano, Aguilar and several others were drinking together on September 24, 2016 when Serrano and Aguilar began to argue over a bottle of alcohol. Serrano contacted Torres by telephone and said he needed help from some "homeboys." Torres arrived a short time later with a woman (later identified as "Uneek"). The woman, who may have obtained a gun from Torres, said she was "down for the neighborhood" and shot Aguilar once in the chest. Aguilar died from the wound several days later.

On March 22, 2018 the court granted the People's motion to amend the felony complaint to add a count for voluntary manslaughter. Pursuant to a negotiated agreement, Torres pleaded no contest to that count and admitted the related criminal street gang allegation.[3] The court found a factual basis for the plea. On May 3, 2018 Torres was sentenced to a state prison term of 16 years (the middle term of six years for voluntary manslaughter plus 10 years for the criminal street

_____

[3] Serrano also pleaded no contest to voluntary manslaughter and admitted a related firearm enhancement (§ 12022.5).

gang enhancement).  The original three counts in the amended felony complaint were dismissed.

On September 13, 2021 Torres, representing himself, filed a petition for resentencing pursuant to former section 1170.95. Torres checked boxes on the printed form petition stating a complaint, information or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he had pleaded guilty or no contest to first or second degree murder because he believed he could be convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine, and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill 1437.  Torres asked that counsel be appointed to represent him during the resentencing process.

The superior court summarily denied the petition on September 20, 2021, explaining, "Defendants convicted of voluntary manslaughter are not eligible to file a petition seeking relief pursuant to [former] section 1170.95 because such relief is limited to persons convicted of murder."

Torres filed a timely notice of appeal.

## DISCUSSION

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder.  (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *People v. Lewis* (2021)

11 Cal.5th 952, 957.)  It also authorized, through a new provision (former section 1170.95), an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.)

By its express terms, former section 1170.95 as enacted by Senate Bill 1437 did not authorize a petition to vacate a conviction for any offense other than murder.  As amended effective January 1, 2022 by Senate Bill 775, however, former section 1170.95, subdivision (a), provided, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts."[4]

Under former section 1170.95 as amended by Senate Bill 775, a petitioner convicted of voluntary manslaughter is entitled to be resentenced if he or she was charged under a theory that would have allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice was

_____

[4]     Senate Bill 775 was signed by the Governor on October 5, 2021, 15 days after the superior court denied Torres's petition for resentencing.

imputed to the person based solely on that person's participation in a crime (former § 1170.95, subd. (a)(1)); the conviction followed a trial, or a plea in lieu of trial, at which the petitioner could have been convicted of murder (former § 1170.95, subd. (a)(2)); and the petitioner could not now be convicted of murder because of Senate Bill 1437's changes to sections 188 and 189 (former § 1170.95, subd. (a)(3)).[5]

Because the sole ground on which his petition for resentencing was denied has been resolved in his favor by Senate Bill 775, Torres contends the order denying the petition should be reversed and the matter remanded for further proceedings to determine whether he has made a prima facie case of eligibility for relief pursuant to former section 1170.95, subdivision (c). The Attorney General agrees with Torres, observing, "[T]he record presently before this Court does not contain evidence showing as a matter of law that appellant admitted to a factual basis establishing that he personally acted with malice, or to any facts that conclusively establish liability under a felony murder theory. Accordingly, the record does not show that appellant is ineligible for relief as a matter of law."

We agree with the parties, reverse the order denying Torres's petition and remand for further proceedings in

---

[5] Former section 1170.95, subdivision (d), clarified that, once a prima facie case of eligibility for resentencing relief has been made by the petitioner, at the evidentiary hearing to determine whether relief should be granted, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."

6

accordance with section 1172.6.  (See *People v. Basler* (2022) 80 Cal.App.5th 46, 56 [Senate Bill 775's revisions to section 1170.95 apply retroactively to petitioners whose cases are not yet final]; *People v. Porter* (2022) 73 Cal.App.5th 644, 652 [same].)

## DISPOSITION

The order denying Torres's petition for resentencing is reversed, and the cause remanded with directions to appoint counsel for Torres and to reconsider Torres's eligibility for relief pursuant to section 1172.6, subdivision (c).


                                        PERLUSS, P. J.

We concur:


        SEGAL, J.


        FEUER, J.

7